IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AN NGUYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-379 (MTT) |
| | ) |
| Deputy Warden GRAHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff An Nguyen moves the Court for reconsideration of its Order (Doc. 10) adopting the Magistrate Judge's recommendation (Doc. 7) and denying his motion to amend his complaint (Doc. 9). Doc. 11.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Nguyen states that the Court "has not addressed [his] stated liberty interest in not having been found guilty of disciplinary infractions" that affected his "most recent parole hearing." Doc. 11 at 1. To the extent Nguyen is alleging that he was denied parole because he was found guilty during the disciplinary hearing, he has still failed to state an actionable due process claim. The Supreme Court has noted that "[t]he chance that a finding of misconduct will alter the balance [during an inmate's parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Nevertheless, while the disqualification of "an otherwise eligible inmate for parole consideration" would not by itself be sufficient to create a liberty interest, it could be sufficient when combined with other conditions. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). But the conditions that resulted from the disciplinary hearing in this case (i.e., the restrictions on Nguyen's commissary, property, and phone privileges)—even when combined with his alleged ineligibility for parole—do not rise to the level of severity described in *Wilkinson* and thus do not constitute an atypical and significant hardship. *Id*.; Doc. 1-1 at 13.

To the extent Nguyen is alleging that he was denied parole simply because he was housed on Tier II, the Court has already found that Nguyen's allegations concerning the conditions in Tier II—which include his alleged ineligibility for parole—amount to an atypical and significant hardship. Docs. 7; 10. Therefore, Nguyen may have been entitled to due process protections in connection with his assignment to Tier II, and those claims are proceeding for further factual development.

Because Nguyen has failed to show that the Court made a clear error in its previous Order (Doc. 10), his motion for reconsideration (Doc. 11) is **DENIED**.

-3-

**SO ORDERED**, this 10th day of May, 2023.

                                                                           S/ Marc T. Treadwell
                                                                           MARC T. TREADWELL, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT